## No. 10,348.

## V. & A. MEYER & Co. vs. C. H. PARKER, STATE TAX COLLECTOR.

1. Article 210 of the Constitution makes no distinction between taxes on movable and taxes on immovable property, and must be held to apply to both.
2. Those provisions of Act 96 of 1877, which authorized the tax collector to seize, indifferently and at his discretion, either the property assessed or any other property of the tax debtor, are inconsistent with Article 210 of the Constitution and are repealed thereby.
3. The Revenue Act of 1888 recognizes the constitutional mandate and makes it the duty of the tax collector to enforce payment by seizure of the property assessed, when that is possible; if the property is in the debtor's possession and concealed, it authorizes a demand on the debtor for its production and delivery, and if he refuses, it provides a summary proceeding in court to compel him to do so.  It is only when the property assessed "has been concealed, parted with, or disposed of, by the tax debtor," so that its seizure has, by the debtor's own act, been rendered impossible, that seizure of other property is authorized.
4. In this case the collector, having seized other property than that assessed, and having shown no effort to reach and seize the property assessed, has not brought his proceeding within the exceptional case of the statute and was properly enjoined from proceeding therewith.

APPEAL from the Civil District Court for the Parish of Orleans.
  King, J.

*Farrar, Jonas & Kruttschnitt,* for Plaintiffs and Appellees.

---

*Wynne Rogers,* Attorney for Tax Collector, and *Walter H. Rogers,* Attorney General, for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J.   For delinquent taxes due by the plaintiffs on an assessment of "money loaned at interest, all credits and all bills receivable for money loaned or advanced," the tax collector seized and advertised for sale "the contents of store No. 71 Baronne street, occupied by V. & A. Meyer & Co., consisting of a large lot of office furniture, iron safe, cotton tables and fixtures."

The tax debtors, in this suit, enjoined the seizure and sale, on various grounds, of which it is only necessary to specify the following, viz:

1. That the property seized is not the property assessed, and, second, that, even if other property than that assessed can be seized for the collection of taxes, the tax collector has failed to show the exceptional facts justifying such seizure under Section 54 of Act 85 of 1888.

The tax collector answered by general denial, and from a judgment in favor of plaintiffs the collector appeals.

The collector assigns, as authority for his proceeding, Sections 52, 56 and 102 of Act 96 of 1877, which provide that "in all cases where delinquent taxes are due upon movable property, the tax collector shall be authorized to make actual seizure of the movable property upon which the tax is due, *or any other property* owned by the party by whom the tax due and sell the same after notice as above provided" (Section 56); and again, that "in personal property, the taxes shall be enforced by seizure and sale of any personal property owned by the taxpayer when the amount of tax assessed shall not have been paid within ten days after the written demand therefor has been made." (Section 52).

If these provisions remain in force, they would undoubtedly sustain the proceeding here; but the plaintiffs claim that they are repealed by Article 210 of the Constitution of 1879, which declares: "There shall be no forfeiture of property for the non-payment of taxes, but at the expiration of the year in which they are due the collector *shall,* without suit, and after giving notice to the delinquent, etc., advertise for sale *the property on which the taxes are due* in the manner provided for judicial sales, etc."

The counsel for the tax collector urges various grounds upon which he contends that this article applies exclusively to taxes on immovables and

not to those on movable property. We have carefully considered his reasoning on this subject, but fail to discover any ground which would authorize us to make a distinction which the language of the Constitution fails to make.

So holding, it follows that the option conferred by the prior revenue laws of either the property on which the taxes are assessed or any other movable property of the tax debtor, at the discretion of the collector, is revoked by the mandatory direction of the Constitution that he *shall* seize "the property on which the taxes are due."

The Revenue Acts of 1888 and of prior years since the date of the Constitution, fully recognize the constitutional mandate, and make it the duty of the collectors to enforce the payment of taxes on movable, as well as on immovable property, by seizing and selling the "property on which the taxes are due." They provide for its direct seizure when it lies open to such; and in case it is in the debtor's possession and out of reach, they provide for a demand on the tax debtor to produce and deliver it; and in case he refuses, they authorize a summary proceeding in the courts to compel him to do so. It is only when this property "has been concealed, parted with or disposed of by the tax debtor," that the seizure of other property is, in any manner, authorized. Act 85 of 1888, Section 54.

We understand the General Assembly as meaning, and as saying, in these acts, that the proceeding directed by the Constitution is the first, the essential and the exclusive one to be pursued in the collection of taxes, so long as it is practicable or possible to pursue it; but that, if the tax debtor, by his own act, has made it impossible for the State to reach the property assessed, as by concealing, parting with or disposing of it, he is not, by such means, to escape the payment of his taxes, and practically to nullify the fundamental requirements of the Constitution that "taxation shall be equal and uniform" and that "*all* property shall be taxed;" which necessarily mean that the taxes shall be paid, and that when he has thus placed it out of the power of the tax collector to collect his taxes in the mode required, he cannot take advantage of his own wrong, and the Legislature may provide other means to enforce their payment.

The constitutionality of this provision is not raised on the pleadings, nor has it been seriously assailed in the argument; and we are always loth to decide such questions, one way or the other, when not necessary to the solution of the controversy before us.

In this case it is clear, in our view, that the tax collector has not brought himself within the exceptional case provided by the Act of

1888, in which he would be justified in seizing other property than that assessed.

· The record does not show that he has made any effort whatever to reach the property assessed. He has not even called upon the tax debtor to point out, or to produce and deliver the property assessed.

Although this record does not show it, we know, from the case just decided,. that he has taken proceedings to compel the production and delivery of that property, which may accomplish the purpose.

Under such circumstances, he was not authorized to seize other property, and the judge *a quo* rightly sustained the injunction of plaintiffs.

Judgment affirmed.